SEPTEMBER 22, 1941

**No. 46344.**—▮▮▮▮▮▮▮▮▮▮▮▮▮▮—Petition 5977–R of Hudson Shipping Co., Inc. C. D. 496. Petitioner's application for rehearing denied.

NOTE

At the request of the Court the decision of Judge Kincheloe which was abstracted in TREASURY DECISIONS, vol. 77, No. 11, as No. 46281, is herewith printed in full:

KINCHELOE, Judge: This is a petition filed under the provisions of section 489, Tariff Act of 1930, praying for the remission of additional duties accruing under that section by reason of the final appraised value exceeding the entered value of certain peeled tomatoes in tins imported from Italy and entered at the port of New York.

At the trial, three witnesses testified on behalf of petitioner. The first witness was the president of C. Cicchetti Co., Incorporated, the importer of the instant merchandise, and which corporation is now bankrupt and in the process of liquidation. Said witness testified that he purchased the peeled tomatoes covered by the shipments involved herein from New York agents of the foreign shippers at prices quoted by said agents; that his only knowledge of the value of such merchandise was obtained from quotations made by the agents here; and that upon receipt of the shipments in question he turned over the necessary documents for making entries to his customs brokers who handled the whole procedure of entering this merchandise.

Petitioner then called as a witness the customs broker, vice president of the Hudson Forwarding & Shipping Co., who entered the merchandise covered by

entries 746561 and 745361 involved herein. Said witness testified, in substance, that for many years the matter of determining values at which peeled tomatoes from Italy should be entered was the subject of bimonthly meetings between the Italian Chamber of Commerce, of which the witness is a member, and New York agents of Italian shippers of such merchandise; that the prices adopted at such meetings were set forth in a publication issued by the Italian Chamber of Commerce; and that such prices were uniformly followed by importers and brokers in entering such merchandise for customs purposes. The witness further stated that the United States examiner of this class of merchandise at the port of New York was thoroughly familiar with the procedure followed in fixing the entered values of said merchandise; and that such prices were generally accepted as the proper dutiable export values and the merchandise appraised accordingly until 1936, when, based upon a report of an investigation conducted by customs agents in the foreign market, the examiner questioned the entered values and contended that peeled tomatoes in tins like or similar to those imported here were freely offered for sale and sold in the Italian market at prices higher than the entered values, and consequently there existed a foreign-market value which was the proper basis of appraisement for the imported product. The said witness further testified that when their entered values were so questioned the importers and brokers had a conference with the customs examiner at which it was finally decided to litigate the question on reappraisement before the United States Customs Court. Accordingly, so-called test cases were prepared that were heard and submitted before a single judge sitting in reappraisement, and it is a matter of which we can take judicial notice, that the cases are now awaiting decision. Referring specifically to the three entries involved herein, the witness further stated that they were originally included among the so-called test cases, but to expedite the liquidation of the estate of the importer-corporation in bankruptcy the three appeals to reappraisement covering these entries were abandoned.

The third witness who appeared on behalf of petitioner was the president of the General Shipping & Trading Co., the customs brokerage firm that made entry of the merchandise covered by entry 729717 also involved herein. Concerning said witness' testimony, suffice to say that it is merely corroborative of that given by the previous witness.

It must be borne in mind that duty was *assessed* and *paid* by the importer on the *higher* value found by the appraiser and that the issue herein relates only to the remission of additional duties which were imposed pursuant to the provisions of section 489, Tariff Act of 1930.

From an examination of the record before us and a consideration of the facts in this case, we are satisfied that the entry of the merchandise at a less value than that found by the appraiser, was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to the correct dutiable value of the merchandise.

The petition is therefore granted and judgment will be rendered accordingly.